Natella GASOUMIAN; et al., Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70651.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted June 15, 2004.*

Decided June 23, 2004.

Alexander Morales, Andre Boghosian, Law Offices of Boghosian & Morales, Glendale, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Ann Carroll Varnon, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM **

Petitioners Natella Gasoumian and Laura Gasoumian, citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") decision denying their motion to reopen their deportation proceedings. Because the transitional rules apply, *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), this Court has jurisdiction under 8 U.S.C. § 1105a(a) (1995). This Court reviews the BIA's denial of a motion to reopen for an abuse of discretion. *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222 (9th Cir.2002). We dismiss in part, and deny in part the petition for review.

This Court lacks jurisdiction to review the BIA's May 2, 1997 decision because the petition for review was not timely filed. *See Narayan v. INS,* 105 F.3d 1335 (9th Cir.1997) (order). However, because the BIA's January 13, 2003 order denying Petitioners' motion to reopen was timely appealed, this Court has jurisdiction to review that decision. *See id.*

The BIA did not abuse its discretion in denying Petitioners' motion to reopen as untimely, as it was filed many years past the 90–day deadline. *See* 8 C.F.R. § 3.2(c)(2) (2002). Although this 90–day period may be equitably tolled by a showing of fraudulent or deceptive legal representation, *see Lopez v. INS,* 184 F.3d 1097, 1100 (9th Cir.1999), Petitioners failed to show the requisite prejudice. Petitioners failed to argue, much less demonstrate, that their former counsel could have presented any argument that would have favorably affected the outcome of the case. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003) ("Prejudice is found when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings") (citation omitted). Therefore, the BIA did not abuse its discretion in holding that Petitioners were not entitled to equitable tolling of the deadline for reopening.

We lack jurisdiction to consider the BIA's refusal to exercise its *sua sponte* power to reopen under 8 C.F.R. § 3.2(a) (2002) for "exceptional circumstances." *See Ekimian v. INS,* 303 F.3d 1153, 1158–60 (9th Cir.2002).

**PETITION FOR REVIEW DISMISSED in part, and DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.