Ruben LOPEZ, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 97–70937.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 2, 1999.

Filed July 14, 1999.

**1098**

Curtis Pierce, Law Offices of Garish Sarin, Los Angeles, California, for the petitioner.

Jane Gomez and Mary Jane Candaux, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for the respondent.

Before: HUG, Chief Judge, BROWNING and NOONAN, Circuit Judges.

HUG, Chief Judge.

■ Ruben Lopez appeals the Board of Immigration Appeals ("BIA") denial of his motion to reopen an in absentia deportation order on the ground that his former "counsel" engaged in fraud by posing as an attorney and provided ineffective assistance of counsel. This court has jurisdiction to review final deportation orders pursuant to 8 U.S.C. § 1105a (1994 & Supp. 1997).[1] We conclude that the statutory time limit for reopening is tolled by the fraudulent representations made by Lopez's former "counsel." Consequently, we reverse and remand.

PROCEDURAL AND FACTUAL BACKGROUND

Ruben Lopez ("Lopez"), a native and citizen of Mexico, initially entered the United States without inspection on April 22, 1990. On April 17, 1995, Lopez retained an apparent law office called Attorney Services to assist him in obtaining a work permit. At Attorney Services Lopez met Noel, who stated that he was an attorney and would assist Lopez. Lopez paid Attorney Services $350 in cash for the "legal representation." Noel informed Lopez that he would periodically receive official documents from the INS and that he should bring those documents to Noel immediately so that he could take care of the case.

Despite Lopez's request for a work permit, Noel filed an application for political asylum. Shortly thereafter, Lopez was scheduled for an asylum interview. Pursuant to Noel's instructions, Lopez took the documentation to Noel for review. Noel informed Lopez that he would appear on Lopez's behalf for $100. Additionally, Noel advised Lopez that he did not need to appear. Neither Lopez nor Noel appeared at the asylum interview.

On August 24, 1995, the INS informed Lopez by mail that his asylum application was denied, and the INS referred his application to an Immigration Judge ("IJ") for a deportation hearing. On October 27, 1995, an Order to Show Cause was sent by mail to Lopez. Again, Lopez forwarded the documentation to his "attorney," Noel. Noel advised Lopez that he would appear on his behalf, and that Lopez need not attend the hearing. Lopez paid Noel an additional $400 in cash for this appearance. Again, neither Lopez nor Noel appeared at the deportation hearing, and on February 9, 1996, an IJ entered an in absentia order finding Lopez deportable as charged.

1. Because Lopez filed his petition prior to the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009–546, and the final order of deportation was entered after October 30, 1996, we apply IIRIRA's "transitional changes in judi-

cial review". *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997); IIRIRA § 309(c)(4), 110 Stat. at 3009–626. However, IIRIRA's "transitional changes in judicial review" do not effect the outcome of this case. *See* IIRIRA § 309(c)(1), 110 Stat. at 3009–625.

After receiving notice by mail of the IJ's ruling of deportation in absentia, Lopez became doubtful of Noel's representations. After confronting Noel, Lopez contacted separate counsel. Through this process Lopez learned for the first time that Noel is not an licensed attorney, but rather a notary public. On September 24, 1996, Lopez, with the assistance of his newly acquired and properly admitted legal counsel, filed a motion to reopen his deportation proceedings. In his motion, Lopez explained that his failure to appear was due to the "exceptional circumstances" of ineffective assistance of counsel, as Noel had engaged in fraud by posing as an attorney, thereby compounding Noel's failure to properly advise Lopez to appear at the hearings and failing to make any appearances on Lopez's behalf.

Pursuant to *Matter of Lozada,* 19 I. & N. Dec. 637, 639(BIA), *aff'd,* 857 F.2d 10 (1st Cir.1988), Lopez's motion provided evidence of the agreement between Lopez and his "counsel" Noel. Lopez also attempted to comply with the additional requirements of *Lozada* by notifying Noel of the dispute regarding the adequacy of his representation. No formal complaint was filed with the State bar, as Noel is not a licensed attorney. Lopez did notify the police about the situation, but the police refused to take a police report.

On November 12, 1996, the IJ denied Lopez's motion to reopen after concluding that Lopez failed to strictly adhere to *Lozada,* by failing to provide any evidence of his complaint to Noel, and failing to file a formal complaint with the State bar. Further, the IJ concluded that Lopez failed to demonstrate actual prejudice, as he failed to state in his motion whether he would voluntarily depart the United States at his own expense.

On December 10, 1996, Lopez appealed the IJ's ruling to the BIA. On July 25, 1996, the BIA found that pursuant to 8 U.S.C. § 1252b(c)(3)(A) Lopez was required to file his motion within 180 days of the IJ's decision.[2] Consequently, the BIA concluded that Lopez's motion was untimely, and that he was statutorily ineligible to have his deportation proceedings reopened. On August 22, 1997, Lopez filed his timely petition for review, pursuant to IIRIRA § 309(c)(4)(C).

Lopez appeals to this Court, requesting reversal of the BIA decision and reopening of his deportation proceedings, so that he may request voluntary departure, thereby avoiding the 5–year limitation on seeking discretionary relief under 8 U.S.C. § 1252b(e).

## DISCUSSION

█ This court reviews *de novo* the BIA's determination of purely legal questions, including the BIA's interpretation of the Immigration and Nationality Act. *Bui v. INS,* 76 F.3d 268, 269 (9th Cir.1996).

Immigration and Nationality Act ("INA") § 242B(c)(3)(A), 8 U.S.C. § 1252b(c)(3) (1994) provides that a motion to reopen may be "filed within 180 days after ... [an] order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances...."

█ Lopez contends that his motion to reopen is based on the exceptional circumstance of ineffective assistance of counsel. Further, Lopez asserts that the statute of limitations does not bar his petition for reopening as Lopez is a victim of fraud and ineffective assistance of counsel which was concealed beyond the statutory period by Lopez's good faith reliance on his "attorney's" fraudulent representations.

The INS argues that § 242B(c)(3)(A) unambiguously requires petitions for reopening to be filed within 180 days of the IJ's deportation order. The INS contends

---

**2.** 8 U.S.C. § 1252b was repealed by IIRIRA, § 308(b)(6), Pub.L. No. 104–208, 110 Stat. 3009–546, 3009–615, whose rules do not apply to aliens such as Lopez who were in exclusion or deportation proceedings as of April 1, 1997, *see id.* § 309(c)(1), 110 Stat. at 3009–625.

that the BIA did not err in dismissing Lopez's petition, as there is no exception to the statute of limitations provided in § 242B(c)(3)(A). We disagree.

■ "[T]his Court long ago adopted as its own the old chancery rule that where a plaintiff has been injured by fraud and 'remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts ... to conceal it from the knowledge of the other party.'" *Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed. 743 (1946) (quoting *Bailey v. Glover,* 88 U.S. (21 Wall.) 342, 348, 22 L.Ed. 636 (1874)); *Federal Election Comm'n v. Williams,* 104 F.3d 237, 240 (9th Cir.1996). "This equitable doctrine is read into *every* federal statute of limitation." *Holmberg,* 327 U.S. at 397, 66 S.Ct. 582; *Federal Election Comm'n,* 104 F.3d at 240. (emphasis added).[3]

■ We find this equitable doctrine particularly applicable in this case. Lopez initiated these proceedings by seeking an attorney for assistance in obtaining a work permit. Rather than obtaining a lawyer, Lopez was beguiled by Noel, a notary public who represented himself to Lopez as a lawyer. Rather than filing an application for a work permit, Noel filed a petition for political asylum. Furthermore, Noel advised Lopez that he did not need to appear at any of the hearings, as Noel would appear on his behalf. In addition to Noel's incorrect legal advice, Noel also failed to attend any of Lopez's hearings, despite receiving $850 expressly for this purpose. Lopez's reasonable reliance on Noel's fraudulent legal representation continued after the in absentia order, as Noel offered to apply for "amnesty" on Lopez's behalf for an additional fee. As a conse-

quence of Noel's deception Lopez filed his petition for reopening 16 days late, with assistance of newly acquired counsel, requesting voluntary departure. We conclude that the statute of limitations to reopen an order of deportation is equitably tolled where the alien's late petition is the result of the deceptive actions by a notary posing as an attorney. Additionally, we find such egregious conduct worthy of investigation and possible sanction pursuant to INS regulations. *See* 8 C.F.R. § 292.3(a)(4), (15).

■ We note that Lopez's claim of ineffective assistance of counsel appears to have merit. To establish ineffective assistance of counsel in a motion to reopen, an alien must: 1) provide an affidavit describing in detail the agreement with counsel; 2) inform counsel of the allegations and afford counsel an opportunity to respond; and 3) report whether a complaint of ethical or legal violations has been filed with the proper authorities, and if not why not. *See Matter of Lozada,* 19 I. & N. Dec. at 639. This insures that the record contains the "essential information" necessary to "evaluate the substance" of the alien's claim. *Id.*

Further, the alien must show that he was prejudiced by his representative's performance. *Id.* at 638; *Mohsseni Behbahani v. INS,* 796 F.2d 249, 251 (9th Cir.1986). To be eligible for voluntary departure, an alien must show that: 1) he has been a person of good moral character for the past five years; 2) he is willing to depart the United States; and 3) he is able to depart at his own expense. *See* INA § 244(e); 8 U.S.C. § 1254(e) (1970).

■ It appears that Lopez's petition has merit as Noel's actions served to prevent Lopez from requesting voluntary departure, relief available to Lopez but for

---

**3.** While we recently noted in *Singh–Bhathal v. INS,* 170 F.3d 943, 946 (9th Cir.1999), that there are no exceptions to section 1252b(c)(3)(A)'s statutory time bar, our analysis was limited to whether an exception can be reasonably read into the plain language of

§ 1252b(c)(3)(A). Our holding in *Singh–Bhathal* does not eliminate the doctrine of equitable tolling in Immigration cases. *See generally Balogun v. INS,* 9 F.3d 347, 351 (5th Cir. 1993).

Noel's deception. Absent this deception it appears that Lopez would be eligible for voluntary departure.[4]

In light of our analysis, we need not address Lopez's due process claim. We grant Lopez's petition for review and remand to the BIA for further proceedings consistent with this opinion.

PETITION FOR REVIEW GRANTED. REMANDED FOR FURTHER ACTION CONSISTENT WITH THIS OPINION.

For amended opinion filed October 22, 1999, see 1999 WL 961784.

---

4. In addition, the BIA has held that an alien cannot be denied discretionary relief without receiving oral notice of the consequences of failing to appear at his deportation hearing. In *In re M–S–*, Interim Decision 3369 (BIA 1998) the BIA concluded that oral notice is required to eliminate an alien's right to discretionary relief: voluntary departure, suspension of deportation, or adjustment of status. *See also* 8 U.S.C. § 1252b(e). "We find that the requirements for rescission of an in absentia order are inapplicable to a motion to reopen that does not seek rescission of that order.... To rule otherwise would render surplusage the requirement of section 242B(e)(1) that the oral warnings be given before the consequences ensue." *In re M–S–*, Interim Decision 3369 at 8–9; *see also Lahmidi v. INS*, 149 F.3d 1011 (9th Cir.1998) ("[T]he five year exclusion set forth in subsection (e) [of 8 U.S.C. § 1252b] is not effective unless the alien was given the proper notice under subsection (a)(2) *as well as oral notice*." (emphasis added)). Applying the BIA's decision in *In re M–S–*, since Lopez did not receive oral notice of the consequences of failing to appear, he is not precluded from discretionary relief.