Brinder Kumar **SHUKLA**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 99–70724.
INS No. A93–172–317.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2001.*

Decided Feb. 21, 2001.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before REINHARDT, WARDLAW, and GOULD, Circuit Judges.

MEMORANDUM **

Brinder Kumar Shukla, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reinstate his appeal. We have jurisdiction pursuant to 8 U.S.C. § 1252(b), and we deny the petition.

Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our disposition. Shukla argues that the BIA abused its discretion in denying his motion to reinstate his appeal because he "lacked prior notice as to why the prior attorneys called him into the office" to sign the motion to withdraw and "the motion to withdraw appeal [did] not contain any wording indicated (sic) that Mr. Shukla was advised of his right to appeal or his right to proceed with new counsel or pro se." The BIA has suggested that a motion to reinstate an appeal is tantamount to a motion to reopen. *See In re Alba Luz Gutierrez–Lopez, Interim Decision* 3286, 1996 WL 413581 (BIA 1996). Therefore, we will consider Shukla's motion to reinstate his appeal as a motion to reopen. Shukla argues that his previous attorney failed to advise him of his continued right to appeal and because the motion to withdraw appeal was prepared by his previous counsel and not signed by Shukla

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

during any proceeding in the presence of an Immigration Judge. We therefore treat his argument as an ineffective assistance of counsel claim.

■ To establish ineffective assistance of counsel in a motion to reopen, Shukla must: "1) provide an affidavit describing in detail the agreement with counsel; 2) inform counsel of the allegations and afford counsel an opportunity to respond; and 3) report whether a complaint of ethical or legal violations has been filed with the proper authorities, and if not why not." *Lopez v. INS,* 184 F.3d 1097, 1100 (9th Cir.1999) (citing *Matter of Lozada,* 19 I & N Dec. 637, 639(BIA), *aff'd,* 857 F.2d 10 (1st Cir.1988)). "[U]nder ordinary circumstances the BIA does not abuse its discretion when it denies a motion to remand or reopen based on alleged ineffective assistance of counsel where the petitioner fails to meet the requirements of *Lozada."* *Castillo–Perez v. INS,* 212 F.3d 518, 525 (9th Cir.2000). Although the requirements are generally considered reasonable, "they need not be rigidly enforced where their purpose is fully served by other means." *Id.* at 526.

■ Shukla has failed to meet the *Lozada* requirements. He did not present any evidence that his former counsel was informed of the allegations or allowed to offer a meaningful response to the representations in Shukla's declaration. As the government explained in its opposition brief, by not affording Shukla's former counsel an opportunity to respond to Shukla's self-serving declaration, it is impossible to discern whether Shukla's waiver of his right to appeal was voluntary. Furthermore, Shukla never filed the appropriate complaint with the disciplinary authorities regarding any violation of his former counsel's ethical or legal responsibilities. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000).

■ Shukla also failed to show that the *Lozada* requirements are "fully served by other means." *Castillo–Perez,* 212 F.3d at 526. Shukla's former counsel made a reasonably tactical decision in determining that Shukla's claim on appeal was weak and that Shukla would be better served by withdrawing his appeal and receiving extra time for voluntary departure. *See Perez–Funez v. INS,* 611 F.Supp. 990, 993 (C.D.Cal.1984) ("The advantage of voluntary departure to the alien is that he usually spends less time in custody (voluntary removal from the United States typically takes place within hours of signing the waiver), and voluntary departure does not have the prejudicial effect upon possible future lawful attempts to enter the United States as does a formal deportation order."). Because Shukla's claim for suspension of deportation is based solely on the economic hardships he claims he would experience upon returning to India, his claim for suspension is in fact weak. *See United States v. Arce–Hernandez,* 163 F.3d 559, 563–64 (9th Cir.1998) (holding that economic hardship alone is not enough to constitute extreme hardship). Therefore, the BIA did not abuse its discretion in denying Shukla's motion to reinstate his appeal.

DENIED.

REINHARDT, Circuit Judge, concurring.

REINHARDT, Circuit Judge.

Because Shukla expressly declined in his petition for review to make an ineffective assistance of counsel claim, I would not decide that issue here. Moreover, I do not agree with the last paragraph of the disposition.

I would hold that there is no showing that the withdrawal of the plea was invol-

untary or that Shukla and his counsel did not knowingly withdraw it.