**Josefina RODRIGUEZ–RITO, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States,\* Respondent.**

No. 00–71579.

INS No. A75 475 743.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.\*\*

Decided Aug. 30, 2001.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM \*\*\*

Josefina Rodriguez–Rito ("Rito") petitions for review of the denial of her motion to reopen removal proceedings. We have jurisdiction, and affirm.

On September 25, 1997, an immigration judge conducted Rito's removal hearing *in absentia* and found Rito removable as charged. Rito moved to reopen on April 1, 1999. Her motion was denied by an immigration judge. The Board of Immigration Appeals ("BIA") affirmed the denial.

We review the denial of a motion to reopen for abuse of discretion. *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000). The BIA did not abuse its discretion in affirming the denial of Rito's motion because the motion was untimely. *See* 8 U.S.C. § 1229a(b)(5)(C)(i) (providing that a motion to reopen an *in absentia* removal order must be made within 180 days of entry of the order). Rito presents no evidence that she qualifies for a statutory exception to the 180–day time limit. *See* § 1229a(b)(5)(C)(ii) (providing that the motion may be filed at any time if the alien did not receive notice of hearing, or the alien was in state or federal custody and

---

\* The Attorney General is substituted as the proper respondent. 8 U.S.C. § 1252(b)(2)(A).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

"the failure to appear was through no fault of the alien").

Rito does not proffer any reason for her overdue motion which would permit us to equitably toll the 180–day time limit. *Cf. Lopez v. INS,* 184 F.3d 1097, 1099 (9th Cir.1999) (equitably tolling 180–day limit when deceptive representations of notary posing as attorney delayed filing of motion to reopen).

PETITION DENIED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the