**Rafael Mendez TORRES, Petitioner— Appellant,**

v.

**John ASHCROFT, Attorney General; Charles Demore, District Director, Immigration and Naturalization Service, Respondents—Appellees.**

No. 03–16491.

D.C. No. CV–02–04533–MJJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2005.

Decided Feb. 7, 2005.

James Todd Bennett, El Cerrito, CA, for Petitioner-Appellant.

Monica Fernandez, Office of the U.S. Attorney, San Francisco, CA, for Respondents-Appellees.

Before BRIGHT,* TASHIMA, and CALLAHAN, Circuit Judges.

---

\* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

## MEMORANDUM**

Rafael Mendez Torres, a native and citizen of Mexico, appeals from the district court's judgment denying his 28 U.S.C. § 2241 petition for writ of habeas corpus. We affirm.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the denial of a petition for writ of habeas corpus de novo. *Dubria v. Smith,* 224 F.3d 995, 1000 (9th Cir.2000) (en banc).

Torres contends that the district court erred in denying his petition for writ of habeas corpus and in declining to apply the doctrine of equitable tolling.

In his habeas petition, Torres asked the district court to "issue an order directing the BIA to reopen removal proceedings to consider his amended application for political asylum." Torres had never filed a motion to reopen with the BIA, and the 90–day period within which to file one, 8 C.F.R. § 1003.2(c)(2), had already run. Torres argues that, as a basis for habeas relief, he need only show incompetence of counsel to reopen the proceedings. Because the time within which to file a motion to reopen had already expired, however, for Torres to receive relief, he must be eligible for equitable tolling. For equitable tolling to be applied, a showing of fraud is required on the part of either Torres' immigration consultant or attorney. *See Lopez v. INS,* 184 F.3d 1097, 1100 (9th Cir.1999) ("where a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered" (internal quotation mark and citations omitted)).

---

\** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Here, the district court properly denied Torres' habeas petition because Torres made no showing of fraud on the part of his immigration consultant or attorney.

**AFFIRMED.**