**Khanom Ofisana Mansourian GHALEHMAMAKAEI, Petitioner,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

No. 02–73727.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2005.

Decided May 9, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. *See* Fed. R.App. P. 43(c)(2).

Khanom Ofisana Mansourian Ghalehma-makaei, Glendale, CA, pro se.

Laura A. Wytsma, Esq., Sonnenschein Nath & Rosenthal, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Marion E. Guyton, Esq., Jeffrey J. Bernstein, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

Before: T.G. NELSON, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Khanom Ofisana Mansourian Ghalehma-makaei ("Mansourian"), a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1). We dismiss the petition in part, and grant the petition in part and remand. Because the parties are familiar with the facts, we do not recount them here.

■ We lack jurisdiction over the CAT and procedural due process claims because Mansourian did not present these issues to the BIA and thereby failed to exhaust her administrative remedies.[2] Accordingly, we dismiss the petition as to the CAT and procedural due process claims.

■ The IJ erred by requiring corroborating evidence to support Mansourian's testimony because the IJ did not make an explicit adverse credibility finding.[3] In the absence of an express adverse credibility finding, we accept Mansourian's testimony as true.[4] The evidence compels the conclusion that Mansourian suffered past persecution on account of imputed political opinion.[5] Mansourian's past persecution gives rise to a rebuttable presumption of a well-founded fear of future persecution for asylum purposes, and a clear probability of future persecution for

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment, art. 3, 23 I.L.M. 1027, 1028 (1984), *modified by* 24 I.L.M. 535 (1985), *as adopted by the United States in* Pub.L. No. 105–277, § 2242, 112 Stat. 2681, 2681–822 (1998); *see* note following 8 U.S.C. § 1231.

2. *Cortez–Acosta v. INS*, 234 F.3d 476, 480 (9th Cir.2000).

3. *See Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir.2000). We review the IJ's decision as the final administrative decision because the BIA summarily affirmed the IJ's decision without opinion. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review the IJ's determinations regarding purely legal questions de novo. *Lopez v. INS*, 184 F.3d 1097, 1099 (9th Cir.1999). Although we use the substantial evidence standard to review the IJ's factual determinations, that standard does not preclude us from vacating an IJ's decision and remanding for further proceedings when the IJ's decision was based upon an error of law. *Kotasz v. INS*, 31 F.3d 847, 851 (9th Cir.1994).

4. *Kataria*, 232 F.3d at 1114.

5. *See Sangha v. INS*, 103 F.3d 1482, 1489 (9th Cir.1997).

withholding purposes.[6] Because the BIA has not addressed the issue of whether the Government can rebut these presumptions based on the existing record,[7] we remand to the BIA to do so in the first instance.[8] Accordingly, we grant the petition in part and remand as to Mansourian's asylum and withholding of removal claims.

PETITION DISMISSED IN PART; PETITION GRANTED IN PART; REMANDED.

---

6. *Navas v. INS,* 217 F.3d 646, 662–63 (9th Cir.2000); 8 C.F.R. §§ 208.13(b)(1); 208.16(b)(1).

7. *See Navas,* 217 F.3d at 662 (stating that "the INS is required to make a complete record during the administrative proceedings").

8. *INS v. Orlando Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

