**Aslesh Kumar DEO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 04–74595, 04–75875.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 28, 2006.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, Department of Homeland Security, Phoenix, AZ, Robbin K. Blaya, Esq., Anthony W. Norwood, Esq., Jennifer Levings, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM **

Aslesh Kumar Deo petitions for review of the Board of Immigration Appeals'

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

("BIA") orders denying his "motion to accept late filed appeal" and his motion to reopen administrative proceedings, both alleging ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252(b). We review for abuse of discretion, *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222 (9th Cir.2002), and we deny the petitions for review.

At the close of his asylum hearing Deo stated that he accepted the Immigration Court's decision as the final administrative order. The record indicates that the Immigration Judge explained Deo's rights, checked that he understood, and confirmed Deo's agreement to waive appeals. Nineteen days later present counsel filed an appeal with the BIA.

█ The BIA did not abuse its discretion when it denied the "motion to accept late filed appeal," alleging ineffective assistance of counsel, for failure to comply with *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988). *See Lopez v. INS,* 184 F.3d 1097, 1100 (9th Cir.1999) (adopting *Lozada* procedural requirements).

█ The BIA did not abuse its discretion by denying as untimely Deo's motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2) (stating that motions to reopen must be filed within 90 days of the final administrative order). The agency issued its final decision on August 20, 2003. Deo and his present counsel were aware of the alleged appeal waiver and supposed ineffective assistance of counsel in September 2003, if not earlier. Deo filed the motion to reopen on October 4, 2004. Considering these facts, the BIA did not abuse its discretion when it concluded that Deo's claims were not equitably tolled. *See Rodriguez–Lariz,* 282 F.3d at 1225 (holding

that petitioners must act with diligence to preserve their claims).

Deo's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**