**Generoso Amimrog SAPIDA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 04–74540, 04–76269.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 1, 2006.*

Decided Sept. 7, 2006.

Elias Z. Shamieh, Esq., Law Offices of Shamiyeh & Shamieh, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., John Davis, U.S. Department of Justice Civil Div./Office of Immigration Lit., S. Jay Govindan, U.S. Department of Justice Environmental & Natural Resources Div., Washington, DC, for Respondent.

Before: T.G. NELSON, SILVERMAN, and RAWLINSON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**408**

MEMORANDUM **

Generoso Amimrog Sapida petitions for review of the BIA's denial of his motion to reopen removal proceedings based on ineffective assistance of counsel. He also petitions for review of the BIA's denial of his motion to reconsider that denial. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny both petitions.

We review the BIA's rulings on motions to reopen and reconsider for an abuse of discretion. *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005).

 In his motion to reopen, Sapida first alleges that the Kaufman law firm provided ineffective assistance of counsel by not filing a timely brief in Sapida's initial appeal to the BIA. However, Sapida filed this motion to reopen well after the ninety-day statute of limitations period for such motions expired. *See* 8 C.F.R. § 1003.2(c)(2). The record is clear that Sapida knew of the problems with the late-filed brief even before the BIA rendered its decision. Therefore, Sapida is not eligible for any equitable tolling based on the late awareness of attorney misconduct. *See Lopez v. INS,* 184 F.3d 1097, 1100 (9th Cir.1999).

 In his motion to reopen, Sapida also alleges that attorney Richard Jeung provided ineffective assistance of counsel by allegedly misfiling his adjustment of status application with the INS rather than submitting these papers to the BIA and requesting a remand. However, Sapida's motion did not establish an attorney-client relationship with Jeung. While certain immigration documents filed on Sapida's behalf bore Jeung's name, Sapida did not submit an affidavit "set[ting] forth in detail the agreement that was entered into" with Jeung. *Azanor v. Ashcroft,* 364

F.3d 1013, 1023 (9th Cir.2004); *see Matter of Lozada,* 19 I. & N. Dec. 637, 639, 1988 WL 235454 (BIA 1998). Therefore, Sapida did not establish an claim of ineffective assistance of counsel, and the BIA did not abuse its discretion in denying the motion to reopen.

 Following this denial, Sapida filed a motion to reconsider that provided additional evidence of the attorney-client relationship between Jeung and himself. However, the BIA did not abuse its discretion in denying this motion as well. Nowhere in the record does Sapida contradict assertions by Jeung contained in a letter that Sapida himself submitted to the BIA. In that letter, Jeung specifically stated that he repeatedly questioned Sapida as to whether he had ever been in removal proceedings, and Sapida repeatedly answered that he had not. Because Sapida failed to proffer any contradiction of Jeung, it cannot be said that the BIA improperly weighed conflicting testimony without a hearing. The BIA did not abuse its discretion in denying the motion to reconsider.

PETITIONS DENIED.

RAWLINSON, Circuit Judge, concurring.

I concur in the result.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.