

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-5-2006

# Larrahondo v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3228

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Larrahondo v. Atty Gen USA" (2006). *2006 Decisions.* Paper 353.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/353

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-3228

———

ANA LARRAHONDO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———

On Petition for Review of an Order
of the Board of Immigration Appeals
(BIA No. A77-027-660)

———

Submitted pursuant to Third Circuit LAR 34.1(a)
September 12, 2006

Before: FUENTES, FISHER, and BRIGHT,* Circuit Judges.

(Filed October 5, 2006)

_____

*The Honorable Myron H. Bright, Senior Judge, United States Court of Appeals
for the Eighth Circuit, sitting by designation.

OPINION OF THE COURT

FUENTES, Circuit Judge.

Ana Larrahondo petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying her motion to reconsider its denial of several motions to reopen her removal proceeding. For the reasons set forth below, we will deny her petition.

I.     Background

Ana Larrahondo is a 37-year old citizen of Colombia who entered the United States as a visitor for pleasure. Larrahondo was served with a Notice to Appear before an immigration judge ("IJ") on October 14, 1998, and obtained representation from Maria Ines Gonzalez ("Counsel One"). At Counsel One's request, the removal hearing was postponed until October 22, 1998. On that date, however, neither Larrahondo nor Counsel One appeared. According to Larrahondo, an employee of Counsel One had instructed her not to appear because Counsel One had "fallen ill." At the October 22 proceeding, the IJ ordered Larrahondo removed in absentia.

On January 12, 1999, Counsel One moved to reopen Larrahondo's immigration proceeding before the IJ. On February 5, 1999, the IJ denied the motion to reopen, because Larrahondo had not complied with the requirements of Matter of Lozada, 19 I. &

N. Dec. 637 (BIA 1988),[1] nor did she present "exceptional circumstances" warranting

reopening.  See 8 U.S.C. § 1229a(e)(1).  Counsel One filed a timely notice of appeal to

the BIA, but on June 3, 2002, the BIA summarily affirmed the IJ's denial of her motion to

reopen ("first motion to reopen").  This decision was not appealed.

After being detained because of the outstanding order of removal, Larrahondo

obtained new counsel ("Counsel Two").  Counsel Two filed a motion to reopen

("withdrawn motion"), detailing how Larrahondo was misled by Counsel One's

employee.  Unfortunately, this motion was filed with the wrong IJ and was subsequently

withdrawn.  Larrahondo then obtained third counsel ("Counsel Three").  Counsel Three

filed another motion to reopen ("third motion to reopen") on February 22, 2005, alleging

ineffective assistance of counsel (i.e., the ineffective assistance of Counsel One).  The

government did not respond to this motion, but on April 7, 2005, the BIA denied the third

motion to reopen, finding "no good reason" for the two-and-a-half year delay between its

denial of Larrahondo's first motion to reopen and the filing of her third motion to reopen.

The BIA noted that Larrahondo did not comply with the requirements of Matter of

Lozada.  Larrahondo did not appeal this BIA decision; instead, she hired present counsel

("Counsel Four"), who filed a motion with the BIA to reconsider its April 7 denial of her

---

[1]of aggrieved alien's attesting to relevant facts; (2) former counsel must be informed of allegations and allowed an opportunity to respond, which response should be submitted with the motion; and (3) if it is asserted that former counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed. Zheng v. Gonzales, 422 F.3d 98, 106 (3d Cir. 2005) (citing Lozada, 19 I. & N. Dec. at 639).

third motion to reopen. On June 3, 2005, the BIA denied Larrahondo's motion to reconsider, finding again that Larrahondo did not adequately explain the lateness of her motion.

On June 27, 2005, Larrahondo filed a petition for review in this Court. Before us she argues that the ineffective assistance of Counsel One warrants reopening her removal proceeding. Specifically, she contends that the misrepresentation of Counsel One's employee resulted in the contested order of removal in absentia, as well as her continuing failure to file a timely motion to reopen.[2]

## II. Discussion

This Court has jurisdiction under 8 U.S.C. § 1252, which provides for judicial review of final orders of removal. The Court reviews the BIA's denial of a motion to reopen for abuse of discretion. Shardar v. Ashcroft, 382 F.3d 318, 324 (3d Cir. 2004). Accordingly, its decision will be upheld unless it is "arbitrary, irrational, or contrary to law." Caushi v. Attorney General, 436 F.3d 220, 226 (3d Cir. 2006) (quoting Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

A motion to reopen a proceeding based on ineffective assistance of counsel is governed by the requirements set out in Matter of Lozada, 19 I. & N. Dec. 637 (BIA

---

[2] Larrahondo seems to concede that all her motions to reopen for ineffective assistance of counsel failed to comply with the requirements of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988) until her motion to reconsider which complied with Lozada's requirements.

1988).  See <u>Luntungan v. Attorney General</u>, 449 F.3d 551, 554 (3d Cir. 2005).  Moreover, petitioner is entitled to only one motion to reopen an order of removal.  8 U.S.C. § 1229a(c)(7); <u>see</u> <u>Luntungan</u>, 449 F.3d at 557.  Nevertheless, the filing requirements of a motion to reopen can be tolled for fraud, particularly in the case of misrepresentation by an alien's legal representative.  <u>See</u> <u>Borges v. Gonzales</u>, 402 F.3d 398, 406-07 (3d Cir. 2005).

In this case, Larrahondo alleges that the misrepresentation of Counsel One caused her ongoing failure to file proper motions to reopen.  She relies on <u>Lopez v. INS</u>, 184 F.3d 1097 (9th Cir. 1999) to argue that the period for filing her motions to reopen should be tolled because of the misrepresentation of Counsel One's employee.  Indeed, the principle in <u>Lopez</u> relied on by Larrahondo has been applied in this Circuit.  <u>See</u> <u>Borges</u>, 402 F.3d at 405, 406-07.  Nevertheless, while we sympathize with the difficulty Larrahondo has had, we find <u>Lopez</u> and <u>Borges</u> inapplicable here.  It seems to us that any misrepresentation on the part of Counsel One's employee—whether it was a single misrepresentation or ongoing—[3] is insufficient to account for Larrahondo's repeated failure to file proper motions with separate attorneys.

We will assume that Larrahonodo's failure to appear at her removal proceeding on

---

[3] We note that the Court in <u>Borges</u> explained:  "[c]oncluding, as we do, that tolling may be appropriate where there is fraud is not the same, however, as concluding that fraud has been shown.  A finding of fraud is a factual determination to be made by the BIA in the first instance."  <u>Borges</u>, 402 F.3d at 406-07.  Accordingly, we do not express a view of what fraud there has been—only of whether, assuming the fraud alleged by Larrahondo, the BIA abused its discretion in denying her motion.

October 22, 1998 resulted from misrepresentations by Counsel One's employee. Nevertheless, it is clear that Counsel One attempted to correct this error by filing a timely motion to reopen with the IJ and a timely appeal to the BIA. Instead of appealing these denials to this Court, Larrahondo filed successive motions to reopen, each with new counsel. Even though Larrahondo's original counsel might have misled her, these subsequent motions to reopen—which were either deficient under Lozada, filed with the wrong IJ, or untimely—cannot be explained by that misrepresentation. It does not appear to us that this misrepresentation can be attributed to all of Larrahondo's subsequent attorneys, thereby excusing her repeated failure to file a proper motion to reopen. It might have excused an untimely first motion to reopen, but it does not excuse Larrahondo's repeated failure to file properly. We will not simply extend the ineffective assistance of Counsel One to each subsequent attorney who filed motions on her behalf.

Given this background, we conclude that the BIA's final rejection of Larrahondo's motion to reconsider was not an abuse of discretion. Accordingly, we will deny Larrahondo's petition.