**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HELEODORO CARRION-PADILLA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER JR., Attorney General, <br><br> Respondent. | Nos. 05-75735 <br>       06-74997 <br><br> Agency No. A034-013-240 <br><br><br> MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted April 5, 2010[**]
Pasadena, California

Before: FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

Petitioner Heleodoro Carrion-Padilla appeals the Board of Immigration

Appeals' ("BIA") denial of suspension of deportation and denial of his motion to

reopen the case. We dismiss in part and deny in part.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

We lack jurisdiction to review a decision by the BIA denying an alien's application for suspension of deportation in the exercise of discretion. 8 U.S.C. § 1252(a)(2)(B)(i); see also Mendez-Castro v. Mukasey, 552 F.3d 975, 978 (9th Cir. 2009). We also lack jurisdiction to review the BIA's decision not to act sua sponte to reopen Petitioner's case. See Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir. 2002) (holding that this court has no jurisdiction to review the BIA's decision not to invoke its sua sponte authority because that decision is committed to the BIA's unfettered discretion).

However, we retain jurisdiction over constitutional claims. Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir. 2005). Here, Petitioner fails to present a colorable constitutional violation that would give this court jurisdiction to review the denial of suspension of deportation. See id. (holding that a "petitioner must allege at least a colorable constitutional violation").

The BIA did not abuse its discretion in determining that equitable tolling does not apply to Petitioner's case. Petitioner failed to demonstrate that new, material evidence came to light, 8 C.F.R. § 1003.2(c)(1); that fraud, deceit, error, or ineffective assistance of counsel prevented him from filing a timely motion, Lopez v. INS, 184 F.3d 1097, 1100 (9th Cir. 1999); or that a government official

2

gave Petitioner incorrect advice during the pendency of his petition, <u>Socop-Gonzalez v. INS</u>, 272 F.3d 1176, 1187-89 (9th Cir. 2001) (en banc).

DENIED in part; DISMISSED in part.