**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KNARIK ARSHAKYAN,

　　　　　　　Petitioner,

　v.

ERIC H. HOLDER, Jr., Attorney General,

　　　　　　　Respondent.

No. 07-71512

Agency No. A095-175-453

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2010[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

　　Knarik Arshakyan ("Arshakyan"), a native and citizen of Armenia, petitions

for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal

of an Immigration Judge's ("IJ") decision ordering her removed from the United

States. The BIA affirmed the IJ's decision that Arshakyan did not establish her

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

eligibility for asylum, withholding of removal, or relief under the Convention Against Torture, concluding that Arshakyan was not credible, that she failed to properly assert her ineffective assistance of counsel claim and that she had not suffered any deprivation of due process.

We have jurisdiction over this matter pursuant to 8 U.S.C. § 1252(a)(1), and we deny Arshakyan's petition.

The facts of this case are known to the parties. We do not repeat them.

## I

"When the BIA affirms and adopts an IJ's decision, [we review] the decision of the IJ." *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009).

We will uphold the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Abebe v. Gonzales*, 432 F.3d 1037, 1039–40 (9th Cir. 2005) (en banc) (internal quotation marks omitted). Pursuant to 8 U.S.C. § 1252(b)(4)(B), substantial evidence exists "unless any reasonable adjudicator would be compelled to conclude to the contrary."

## II

Substantial evidence supports the adverse credibility finding.

2

First, some material elements of Arshakyan's narrative, such as whether or not she was deliberately hit by a vehicle and why she was forced to stop teaching, are contradictory. These contradictions go to the heart of Arshakyan's claim that she faced political persecution in Armenia. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007).

Second, at least one important component of Arshakyan's testimony—that she never contacted the police after her police officer son disappeared—is implausible. *See Singh v. Gonzales*, 439 F.3d 1100, 1110 (9th Cir. 2006) (noting that implausibility may provide substantial evidence for an adverse credibility finding).

Third, the record indicates that Arshakyan was evasive during cross-examination, when she suddenly purported to have memory problems. She also repeatedly changed her story during her testimony and responded with answers unrelated to the questions. This evasive and unresponsive testimony supports the adverse credibility finding. *See Wang v. INS*, 352 F.3d 1250, 1256–57 (9th Cir. 2003).

In the aggregate, these considerations provide substantial evidence for the adverse credibility finding. Arshakyan has not presented sufficient evidence to "compel[]" a finding contrary to that of the IJ. 8 U.S.C. § 1252(b)(4)(B).

3

## III

The BIA correctly concluded that Arshakyan failed to comply with the proper procedure for an alien to assert an ineffective assistance of counsel claim. *See Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir. 1999). Arshakyan has failed to make any showing that she submitted an affidavit concerning the arrangement with her counsel or that she informed her counsel of the allegations and allowed him to respond. Even if she had properly complied with these requirements, Arshakyan's claim would still be without merit because the premise for the ineffective assistance of counsel claim—that her lawyer did not complete direct examination of her—is contrary to the facts of the case.

## IV

The BIA correctly concluded that Arshakyan has failed to show that the proceedings before the IJ were "so fundamentally unfair that [she] was prevented from reasonably presenting [her] case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (internal quotations omitted). The record indicates that the IJ generously accommodated Arshakyan throughout the proceedings by asking her questions, allowing her counsel to resume direct examination and giving her an entire year to gather more evidence in support of her assertions.

**DENIED.**

4