

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GIORGI ASANIDZE,<br><br>    Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>    Respondent. | No.    15-71186<br><br>Agency No. A089-703-571<br><br>MEMORANDUM[*] |

Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 16, 2018
Pasadena, California

Before: BERZON and BYBEE, Circuit Judges, and GLEASON,[**] District Judge.

Giorgi Asanidze appeals the Board of Immigration Appeals' denial of his

applications for asylum, withholding of removal, and Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

protection, which were denied by an immigration judge ("IJ"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the Board's determinations of purely legal questions. *Lopez v. INS*, 184 F.3d 1097, 1099 (9th Cir. 1999). Questions of fact are reviewed under the substantial evidence standard. *See Sinha v. Holder*, 564 F.3d 1015, 1020 (9th Cir. 2009). The Board's determination must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (citations omitted); *see* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . .").

To establish past persecution, an alien must show that he experienced: (1) incidents that rise to the level of "persecution"; (2) that were on account of a protected ground; and (3) that were inflicted by the government or an individual that the government is unable or unwilling to control. *Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010). "Even when a single incident does not rise to the level of persecution, 'the cumulative effect of several incidents may constitute persecution.'" *Krotova v. Gonzales*, 416 F.3d 1080, 1084 (9th Cir. 2005) (quoting *Surita v. INS*, 95 F.3d 814, 819 (9th Cir. 1996)). Affirming the IJ, the Board concluded that Asanidze's harm had not risen to the level of past persecution. We

find that any reasonable adjudicator would be compelled to conclude to the contrary.

Asanidze testified that as a result of his Ossetian ethnicity, he suffered harassment, discrimination, and physical violence at various points in his life, with these instances increasing in frequency in 2007 and 2008.[1] The IJ found Asanidze to be a credible witness.

Asanidze described numerous instances of harassment, including an attack on his family's home in January 2007, during which a group of people threw stones at the family's windows and yelled curses at them. During 2007, Asanidze's family received threatening phone calls in which they were told to leave Georgia. Asanidze's father was threatened at work; he eventually fled to Moscow, where he was killed, although the cause of his death remains unknown. Asanidze and his mother struggled to find work as a result of discrimination. Asanidze also suffered physical violence on two different occasions at the hands of individuals who targeted him because of his Ossetian ethnicity. Throughout this time, calls to the police were repeatedly met with inaction and suggestions that Asanidze and his family leave the country. Following the last incident, Asanidze fled to the United

---

[1] Ossetians are an ethnic minority in Georgia. Tensions between Georgians and Ossetians escalated into violent conflict in 2008.

States, arriving in May 2008.

We find no reasonable adjudicator could find that these facts do not constitute past persecution. First, Asanidze and his family were subjected to several violent attacks because they were Ossetian. Asanidze himself was beaten on several occasions because of his ethnicity. Second, the threats made to Asanidze and his family members are pertinent to whether there was past persecution, even if not sufficient in themselves. *See Marcos v. Gonzales*, 410 F.3d 1112, 1118 (9th Cir. 2005). Third, the Board overlooked Asanidze's subjection to economic persecution, which "has been credited as an important part of asylum claims on numerous occasions." *Chand v. INS*, 222 F.3d 1066, 1074 (9th Cir. 2000) (citing *Korablina v. INS*, 158 F.3d 1038, 1045 (9th Cir. 1998)); *Gonzalez v. INS*, 82 F.3d 903, 910 (9th Cir. 1996); *Desir v. Ilchert*, 840 F.2d 723, 727–28 (9th Cir. 1988); *Samimi v. INS*, 714 F.2d 992, 995 (9th Cir. 1983). Asanidze testified that he struggled to find a job based on his ethnicity and that, even after obtaining employment, he was let go on account of his ethnicity. We have held that "purely economic harm can rise to the level of persecution where there is 'a probability of deliberate imposition of substantial economic disadvantage' upon the applicant on account of a protected ground.'" *Chand*, 222 F.3d at 1074 (quoting *Kovac v. INS,* 407 F.2d 102, 107 (9th Cir. 1969)).

4

Fourth, the IJ acknowledge that Asanidze "demonstrated, at least with respect to the past harm that he suffered, that police were not willing to protect him." Asanidze establishes convincingly that police were not interested in protecting his family, in particular, from ethnicity-based harassment and violence. *See Korablina*, 158 F.3d at 1042 (finding past persecution when petitioner "testified credibly that the police were not interested in protecting Jews" from anti-Semitic hoodlums). Although Asanidze and his family members were not physically assaulted by the police, the unwillingness of the police to intervene and their suggestions that the Ossetian family simply leave the country reinforced the persecution they suffered at private hands.

Asanidze's clear evidence of economic persecution, combined with the repeated instances of harassment and physical violence and the unwillingness of the police to intervene, compels the conclusion that Asanidze established past persecution that the government was unable or unwilling to control. *See Korablina*, 158 F.3d at 1044 ("The key question is whether, looking at the cumulative effect of all the incidents a petitioner has suffered, the treatment [he] received rises to the level of persecution.").

The IJ acknowledged that the past persecution issue was a "close question." We hold the Board failed to adequately consider the evidence of

economic persecution, which in combination with the persistent pattern of harassment and violence provides compelling evidence of past persecution. Accordingly, we grant the petition for review.

As Asanidze suffered past persecution, he is entitled to a presumption of a well-founded fear of future persecution under 8 C.F.R. § 208.13(b)(1). Accordingly, we remand for the agency to determine whether the government can rebut that presumption by a preponderance of the evidence. *Mamouzian v. Ashcroft*, 390 F.3d 1129, 1135 (9th Cir. 2004).

**PETITION GRANTED AND REMANDED.**