NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZHONGWEN TANG, AKA Ken Chan, AKA Andrew Tang, AKA Zhong Tang, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 17-71471 <br><br> Agency No. A070-041-799 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2022**
Las Vegas, Nevada

Before: RAWLINSON and BENNETT, Circuit Judges, and COGAN,*** District Judge.

The Board of Immigration Appeals ("BIA") affirmed the Immigration Judge's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

("IJ") denial of Petitioner Zhongwen Tang's application for withholding of removal. Tang, a native and citizen of China, seeks review of the denial of withholding of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition in part and dismiss in part.[1]

We review questions of law de novo. *Lopez v. I.N.S.*, 184 F.3d 1097, 1099 (9th Cir. 1999). "The court must uphold the BIA's findings unless the evidence presented would *compel* a reasonable finder of fact to reach a contrary result." *Singh-Kaur v. I.N.S.*, 183 F.3d 1147, 1149–50 (9th Cir. 1999). "Where the BIA issues its own decision but relies in part on the [IJ's] reasoning, we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (citation omitted). "A person seeking withholding of removal must prove not only that his life or freedom will be threatened in his home country, but also that the threat is 'because of' one of the five listed reasons." *Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017); *see also id.* at n.5 (citing 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16(b)). "To establish eligibility for withholding of removal in the absence of past persecution, an applicant must demonstrate both that he has a subjective fear of persecution in the future, and that this fear is objectively reasonable—which, in the withholding context, means that the chance of future persecution is 'more likely than

---

[1] The IJ noted that "with respect to any application for post-conclusion voluntary departure, the respondent is not eligible for this form of relief." Tang did not challenge this finding before the BIA or this Court.

2

not.'" *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quoting 8 C.F.R. § 208.16(b)(2)).

Substantial evidence supports the BIA's affirmance of the IJ's finding that Tang failed to establish past persecution or a clear probability of future persecution in China. For example, Tang claims that "he was not permitted to attend college" in China because he "attended a Baptist church, presumably one not aligned with or otherwise sanctioned by the [Chinese] government." But Tang provided no evidence for this claim and described the church he allegedly attended once a week in Shanghai only as "some kind of . . . Baptist Church or something." Tang concedes that "the Chinese government has allowed Christianity . . . to be practiced within its borders," and gives no evidence that the churches he attended or the Christian beliefs he held and practiced were "presumably . . . not aligned with" the Chinese government.

In fact, other than his unsubstantiated claim that he was barred from attending university in China, Tang did not claim to have suffered any negative treatment from the Chinese government because of his practice of Christianity. Tang conceded that he was never "beaten or physically abused" by the Chinese government. Tang also acknowledged that he did not fear going back to China when he first arrived in the United States and claimed that he later developed a fear of returning to China because his passport expired. There is no evidence that Tang's failure to obtain a

passport is due to his Christian beliefs; Tang merely speculates that "the possibility also exists that . . . no passport has been or will be issued because he has been deemed undesirable and unwelcome in his own country."

Tang also claims that his grandparents "were detained for at least one year" for "their practice of religions not sanctioned by the [Chinese] government." But Tang apparently conceded that he did not know why his grandparents were detained. Tang also acknowledged that his grandparents continued to live in China after their release, and Tang never argued that the Chinese government harmed them further. *See Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009) ("[A] petitioner's fear of future persecution 'is weakened, even undercut, when similarly-situated family members' living in the petitioner's home country are *not* harmed.") (citation omitted). Tang also claimed that his mother "had been denied retirement benefits, presumably due to her or her parents' exercise of religion." But Tang provided no evidence for this claim and failed to exhaust it before the BIA. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) ("We have held that '[f]ailure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.'") (citations omitted).

Finally, Tang claims that the Chinese authorities may "renew . . . [their] interest . . . in [his] history of religious practice" or that he may be "already well

4

known" to them. Tang testified before the IJ that he continues to attend a church in Las Vegas "almost like once a week" and that he has friends there. But Tang stated that he "forget[s] the name, the whole name" of the church and identified it only as being "by the Chinatown" in Las Vegas. Tang also had no letters or testimony to support his claim, from the church leadership or anyone with whom he attended church. And Tang admitted that he has not suffered physical harm from the Chinese government in the past. Thus, substantial evidence supported the IJ's finding that Tang failed to "establish a 'clear probability' of future persecution in China" due to "any religious activities in which he has been participating in the United States," and that it was "unclear whether the respondent's fear of return to China on account of his religion is subjectively genuine." *See Wakkary*, 558 F.3d at 1060 ("To establish eligibility for withholding of removal in the absence of past persecution, an applicant must demonstrate both that he has a subjective fear of persecution in the future, and that this fear is objectively reasonable.").

**PETITION DENIED IN PART, DISMISSED IN PART.**