**LONGRONG LIANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70467.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 28, 2007.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph S. Porta, Esq., Law Offices of Cohen Porta & Kim, Los Angeles, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michelle E. Gorden, Esq., Daniel E. Goldman, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Teresa A. Wallbaum, Attorney, U.S. Department of Justice Narcotic and Dangerous Drug Section, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Longrong Liang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from the Immigration Judge's ("IJ") order denying her motion to reopen proceedings in which she was ordered removed in absentia. We review the denial of a motion to reopen for abuse of discretion, *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and review findings of fact regarding ineffective assistance of counsel for substantial evidence, *Lin v. Ashcroft*, 377 F.3d 1014, 1024 (9th Cir.2004). We grant the petition for review.

An alien who is ordered removed during proceedings conducted in absentia may move to reopen to rescind the in absentia order if she can demonstrate that she failed to attend due to exceptional circumstances. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). This court has recognized that ineffective assistance of counsel by a non-attorney representing himself as an attorney may qualify as an exceptional circumstance. *See Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir.1999). Contrary to the IJ's determination, Liang demonstrated compliance with

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the procedural requirements of *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988). *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 824 (9th Cir.2003).

■ The IJ abused his discretion in determining that Liang failed to meet the requirements of *Lozada,* because Liang's sworn declaration adequately details the nature and scope of her agreement with non-attorney Lee, and Liang's timely letter to Lee provides sufficient information to encourage Lee to respond. *Cf. Azanor v. Ashcroft,* 364 F.3d 1013, 1023 (9th Cir. 2004) (a sworn declaration must include the nature and scope of agreement with counsel, as these are "facts essential to a full and complete evaluation of her ineffective assistance claim"); *Reyes v. Ashcroft,* 358 F.3d 592, 597 (9th Cir.2004) (insufficient notice to counsel where undated bar complaint was "cc'd" to counsel, there was no indication counsel actually received notice, and no evidence counsel had an opportunity to respond).

■ The IJ also abused his discretion by requiring that Liang demonstrate prejudice, as her removal hearing was conducted in absentia. *See Lo v. Ashcroft,* 341 F.3d 934, 939, n. 6 (9th Cir.2003) (no showing of prejudice is required for ineffective assistance of counsel claims asserted in a motion to reopen to rescind a removal order issued in absentia).

We therefore remand to the agency for further proceedings consistent with this memorandum disposition.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.