

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2007

# Sharif v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2800

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Sharif v. Atty Gen USA" (2007). *2007 Decisions.* Paper 778.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/778

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-2800

———

KHALID SHARIF,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

———

On Petition for Review of an Order
of the Board of Immigration Appeals
(No. A73-533-106)
Immigration Judge:  Hon. Daniel Meisner

———

Submitted Under Third Circuit LAR 34.1(a)
July 9, 2007

Before: SLOVITER, HARDIMAN, and ROTH, Circuit Judges

(Filed:   July 12, 2007)

———

OPINION

SLOVITER, Circuit Judge.

Khalid Sharif petitions for review of the decision by the Board of Immigration Appeals ("BIA") denying his motion for reconsideration of its order denying Sharif's appeal of the Immigration Judge's denial of his motion to reopen the proceedings leading to his in absentia removal order.

**I.**

Sharif is a native and citizen of Pakistan who entered the United States at New York, New York on July 2, 1992 on a nonimmigrant visa set to expire in July 1993. On April 6, 1995, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause, charging Sharif with being removable based on his presence in the United States beyond the expiration of his visa. On September 21, 1995, Sharif appeared before the Immigration Judge ("IJ") and admitted the allegation in the Order to Show Cause and the charge of overstaying his visa. At the hearing, he requested asylum based on the application that he had filed on December 23, 1994. The asylum hearing was scheduled for October 24, 1995.

On October 22, 1995 Sharif's mother died. Sharif's counsel, Gary Jodha, advised him that he need not appear at the hearing and that Jodha would ask for a continuance. However, neither Sharif nor Jodha appeared before the IJ on October 24, 1995. As a result, the IJ ordered Sharif removed in absentia.

On or about October 8, 1998, Sharif retained Attorney Maqsood Mir who advised him that the IJ had entered a final order of deportation on October 24, 1995, which notice

2

Sharif maintains he never received. Sharif claims that Mir also told him that he would file a motion to reopen on Sharif's behalf. Although Mir entered an appearance, he did not file the motion to reopen. It was not until Sharif was apprehended by agents of the Bureau of Immigration and Customs Enforcement ("ICE") in 2005 that he learned that Mir had failed to file the motion.

On October 26, 2005, Sharif filed a motion to reopen his 1995 deportation proceedings. On November 18, 2005, the IJ denied the motion on the basis that Sharif was not eligible for equitable tolling on his claim of fraudulent representation by counsel and that Sharif had failed to exercise due diligence. On December 15, 2005, Sharif filed a timely notice of appeal with the BIA.

The BIA adopted and affirmed the decision of the IJ. The BIA noted that if Sharif's allegations were true, he would appear to have a successful ineffective assistance of counsel claim based on Jodha's misrepresentations. However, the BIA held that equitable tolling was not available because Sharif made no inquiries as to the status of his case between 1995 and 1998, that is, Sharif had failed to show due diligence. Sharif subsequently filed a motion to reconsider which the BIA denied. Sharif then timely filed this petition for review.

## II.

Where the BIA adopts and affirms the decision of the IJ, as well as provides its own reasoning for its decision, we review both the decisions of the IJ and the BIA. He Chun Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We review the BIA's denial of

reconsideration, as well as the denial of the underlying motion to reopen, for abuse of discretion. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005); Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). We review the IJ's and BIA's legal conclusions de novo, "with appropriate deference to the agency's interpretation of the underlying statute in accordance with administrative law principles." Mahmood v. Gonzales, 427 F.3d 248, 250 (3d Cir. 2005). We review the IJ's and BIA's findings of fact according to the substantial evidence standard. Dia v. Ashcroft, 353 F.3d 228, 247-48 (3d Cir. 2003) (en banc).

Sharif makes two arguments. First, he argues that the BIA abused its discretion in denying reconsideration of its decision refusing to equitably toll the time limit for Sharif's October 26, 2005 motion to reopen. Second, he argues that the BIA abused its discretion and effected a deprivation of his Fifth Amendment right to due process by denying his motion to reopen.

An alien has 180 days after the entry of an in absentia order of removal to file a motion to reopen that attempts to demonstrate that the failure to appear was due to exceptional circumstances. 8 U.S.C. § 1229a(b)(5)(C)(i). In Borges, in considering whether the alien had been defrauded by an attorney and the attorney's paralegal, we held that the 180-day deadline is "appropriately considered as analogous to a statute of limitations and, thus, subject to equitable tolling." 402 F.3d at 406. However, "[e]quitable tolling is an extraordinary remedy which should be extended only sparingly." Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005). As such, the courts of appeals

4

have held that in making out a claim for equitable tolling the alien must demonstrate that s/he acted with due diligence in pursuing his or her claim. See Mahmood, 427 F.3d at 252; Borges, 402 F.3d at 407; Iavorski v. INS, 232 F.3d 124, 134-35 (2d Cir. 2000); Lopez v. INS, 184 F.3d 1097, 1100 (9th Cir. 1999).

In Mahmood, we stated that although the "attorney conduct at issue is sufficient, if substantiated, to provide a basis for equitable tolling, Mahmood's claims still fail for lack of diligence." 427 F.3d at 252. We noted that despite Mahmood's "suggestion that he was unaware of the denial of the second motion until December 2000, when he received [a] 'bag and baggage' letter, there is no indication in the record that Mahmood took any steps to inquire about the status of his case during the more than eighteen months that passed between the denial of his motion and the time that he received the letter . . . ." Id. Further, there was a second period that passed without any showing of due diligence. Mahmood waited more than a year after the BIA dismissed his untimely appeal in June 2001, to file another motion to reopen in July 2002. Id. Mahmood's failures to pursue his case with diligence led us to state that it was "clear as a matter of law" that the "periods of unaccounted-for delay reveal a lack of diligence . . . ." Id. at 253.

Sharif demonstrated far less diligence in pursuing his case than did Mahmood. Sharif acknowledged that he was aware of the October 1995 hearing date, and stated that he believed that Jodha had asked for a continuance. However, Sharif made no attempt to follow up on the status of his case for more than three years. He eventually was advised of his status only after contacting Mir because he mistakenly thought he had won a visa in

5

the diversity lottery.

Similar to the circumstances in <u>Mahmood</u>, Sharif also failed a second time to exercise due diligence. After contacting Mir in 1998 and being informed by Mir that an in absentia removal order had been entered in 1995, Sharif instructed Mir to file a motion to reopen. However, it was not until he was apprehended in September 2005 that he learned that Mir had failed to file the motion to reopen. He took no action between 1998 and October 26, 2005.

Given the facts outlined above and our holding in <u>Mahmood</u>, it is clear that Sharif failed to exercise due diligence as a matter of law. He therefore is not entitled to the extraordinary remedy of equitable tolling.

Sharif also contends that he was denied his Fifth Amendment right to due process because he did not have a hearing in his case. It is clear that Sharif has a Fifth Amendment right to due process. However, there was a scheduled hearing and Sharif concedes that he received notice of the hearing but failed to attend. Under these circumstances, there was no constitutional deprivation. The government acted consistent with the procedures that the Fifth Amendment requires, and Sharif's claim is therefore without merit.

**III.**

We will deny the petition for review.

6