NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 6 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIN CRUZ-BRIONES, | No. 16-70610 |
| Petitioner, | Agency No. A200-673-890 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2022[**]
Seattle, Washington

Before: WARDLAW, GOULD, and BENNETT, Circuit Judges.

Petitioner Martin Cruz-Briones, a native and citizen of Mexico, challenges the

Board of Immigration Appeals' ("BIA") denial of his applications for asylum,

withholding of removal, cancellation of removal, administrative closure, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252 and deny the petition in part and dismiss it in part.

Petitioner entered the United States without permission in 1991 and 1994. Petitioner was arrested in April 2011 as an "Alien in Possession of a Firearm," and removal proceedings against him began in the same month.

The Immigration Judge ("IJ") found that Petitioner's asylum application was time-barred because "he became fearful of a possible return to Mexico after he was apprehended by Immigration in [April] 2011" but "did not file . . . for asylum until August 9, 2012." The IJ denied Petitioner's request for administrative closure, citing "extreme[] hesita[tion]" to review decisions of the Department of Homeland Security ("DHS") "in terms of prosecutorial discretion" and finding that Petitioner had failed to show "good moral character as required for a grant of cancellation of removal." The IJ noted that Petitioner had been convicted of drunk driving and falsely indicated in his tax returns that he was married to the mother of his children, thus causing fraudulent returns to be filed.

The IJ held that Petitioner failed to show "exceptional and extremely unusual hardship" to a qualifying relative. The IJ noted that Petitioner's "family receives food stamps and free medical care for the children" and two of the children in school did not perform badly. Although the IJ acknowledged that the mother of Petitioner's children "has been diagnosed with . . . [an] abnormality in her breast," the IJ also noted the condition was "simply being monitored by medical professionals" according to Petitioner. The IJ also found Petitioner's case to be comparable to other

2

petitioners who had been denied relief.

The IJ also found that Petitioner did not show past persecution because, although his father was murdered in 1991 in Mexico, Petitioner had "no information as to just who did this or why it was done." Petitioner also stated that he came to the United States "[t]o look for a better life," "as opposed to . . . some fear that if he did not leave [Mexico], he might be at risk." Although one of Petitioner's sisters was threatened by unknown men, the IJ noted that both sisters remain in Mexico, "'two hours' away from where they had been living, and there has not been any further incident," and that Petitioner was never directly threatened. The IJ also rejected the proposed social group of Mexican returnees perceived to be wealthy, for lack of requisite "social distinction."

The IJ denied Petitioner's application for CAT relief. Petitioner failed to show a clear probability of the risk of torture because "Mexico has a population of 113 million people, and [his] sisters . . . have continued to live in the country without incident." The IJ also held that "the more generalized fear stated by the [Petitioner]" was not a ground for relief "unless . . . [Petitioner is] singled out on account of a protected ground," which Petitioner failed to establish.

The BIA affirmed, citing the same reasons provided by the IJ. "Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (citation omitted). We review findings of fact for substantial evidence, *Silaya v.*

3

*Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and questions of law de novo, *Lopez v. I.N.S.*, 184 F.3d 1097, 1099 (9th Cir. 1999).

The agency's denial of asylum was not erroneous. Petitioner failed to apply within a year of arrival. Generalized violence is insufficient to establish changed country conditions. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016). And Petitioner failed to explain why he applied for asylum more than a year after he was arrested and became fearful of returning to Mexico in April 2011.

The denial of withholding of removal was also not erroneous. Although his father was killed and his sister threatened, Petitioner failed to show past persecution because he was not personally threatened or harmed in Mexico, and his family never received any other threats or harm since his sister was threatened.

Petitioner also failed to show a clear probability of future persecution on a protected ground. Though Petitioner fears "they could do to me what they did to my father," Petitioner does not dispute that he "has no information as to just who did this or why it was done," meaning that Petitioner failed to show a nexus to a protected ground.[1] *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010).

---

[1] Petitioner cites membership in the social group of "Mexican returnees perceived as wealthy" as a basis for his fear of future persecution. But imputed wealth is not "a narrowly defined or cognizable particular social group." *Ramirez-Munoz*, 816 F.3d at 1229. Petitioner also claims that he would "stand[] out" in Mexico because of his "distinguishable demeanor . . . acquired while in the United States," but we have rejected "mannerisms of Americans" as a basis for persecution. *Id.*

And "[m]ere generalized lawlessness and violence" are not persecution. *Singh v. I.N.S.*, 134 F.3d 962, 967 (9th Cir. 1998).

The denial of CAT relief was also not erroneous. Petitioner does not claim to have been tortured. He claims that he would likely be tortured because "rampant violence" indicates that the Mexican government has failed to address it and that officials have acquiesced to the violence. But "evidence that a government has been generally ineffective in preventing or investigating criminal activities" does not "raise an inference that public officials are likely to acquiesce in torture, absent evidence of . . . inability or unwillingness to oppose criminal organizations." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

Petitioner challenges the denial of cancellation of removal but, "absent a colorable legal or constitutional claim, we lack jurisdiction to review the BIA's discretionary determination that an alien failed to prove that removal would result in exceptional and extremely unusual hardship." *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012). Petitioner claims that the BIA erred by finding that he did not express a subjective fear of returning to Mexico. But even if that finding is erroneous, it is harmless because subjective fear is irrelevant to cancellation of removal. *Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021) (harmless error rule applies to review of agency rulings). He also claims that the agency erroneously "raised the standard [for determining exceptional and extremely unusual hardship] to . . . unconscionability." But Petitioner's claim is a challenge to factual findings

5

because its sole basis is that the agency "dismiss[ed] the hardship at play in the present facts"; Petitioner concedes that the agency never explicitly said anything indicating that it misapplied the law. "[A]n exceptional and extremely unusual hardship determination is a . . . discretionary judgment that has been carved out of our appellate jurisdiction." *Romero-Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir. 2003) (cleaned up).

Petitioner disputes the agency's finding that he failed to show good moral character. He also argues that the IJ failed to give "a reasoned explanation for the denial of his application," citing the IJ's finding that Petitioner failed to show good moral character. But the finding was supported by substantial evidence. Even if tax preparers were responsible for his false returns in 2004, 2006, 2008, 2009, and 2011, Petitioner does not explain why he filed false returns in 2003. Though the agency cannot "ignore arguments raised by a petitioner," *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005), it also need not "write an exegesis on every contention. What is required is merely that it . . . announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

Finally, we lack jurisdiction to review the denial of administrative closure, *Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1115 (9th Cir. 2009), or claims that a petitioner's case warrants prosecutorial discretion, *Vilchiz-Soto*, 688 F.3d at 644.

**PETITION DENIED IN PART AND DISMISSED IN PART.**