**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FAFA TOURAY, | Nos. 18-70014 |
| Petitioner, | 19-70050 |
| v. | Agency No. A205-699-511 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 6, 2024
Seattle, Washington

Before: W. FLETCHER, BERZON, and R. NELSON, Circuit Judges.

Fafa Touray is a native and citizen of Gambia. After entering the United

States with a tourist visa, Touray remained in the country past his visa's expiration

date. On April 27, 2014, immigration officials stopped Touray at a bus stop in

Spokane, Washington. The immigration officials gave Touray a Notice to Appear

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

in Immigration Court (NTA) stating that Touray was to appear at the Tacoma, WA, Immigration Court, but the notice did not indicate when he should appear at that court. On January 30, 2015, the Immigration Court mailed an NTA to Touray at an address that Touray had earlier provided to immigration authorities. This notice included the correct date, location, and time for the hearing. Touray's next hearing was scheduled for February 9, 2016, at 1:30pm in Seattle, WA. Touray missed this hearing and the IJ ordered him removed in absentia.

Touray appeals two decisions by the Board of Immigration Appeals. The first decision denied Touray's motion to reopen and rescind an in absentia removal order on the basis of extraordinary circumstances. The second decision denied Touray's motion to reopen and reconsider on the basis of developing case law.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (2021) (citing *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008)). The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions. *Hernandez-Galand*, 996 F.3d at 1034 (quoting *Tadevosyan v. Holder*, 743 F.3d 1250, 1252-53 (9th Cir. 2014)).

1. The BIA did not abuse its discretion by denying Touray's motion to reopen on the basis of exceptional circumstances.

A motion to rescind a removal can be sought by filing a motion to reopen within 180 days based on a demonstration that the noncitizen's "failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C). The doctrine of equitable tolling can be used to extend the 180-day deadline. *See Lona v. Barr*, 958 F.3d 1225, 1230-32 (9th Cir. 2020). We assume without deciding that Touray was entitled to such an extension, so his motion was timely filed. We also assume without deciding that Touray sufficiently complied with the procedural requirements set forth in *Matter of Lozada*, 19 I&N Dec. 637, 639 (BIA 1988), to bring an ineffective assistance of counsel claim.

Touray has not demonstrated that his failure to appear was because of "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C). The phrase "exceptional circumstances" refers to situations "such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances[.]" *Id.* at § 1229a(e)(1). It is undisputed that Touray received notice of the date and time of his hearing. Touray has not shown that his counsel's ineffective assistance excused his obligation to appear at the Immigration Court

3

after he received notice of the correct date, location, and time. While Touray's former counsel may have been ineffective in other respects, that counsel did not affirmatively misrepresent to Touray his hearing date, offer Touray advice that would have deterred him from attending his hearing, or dissuade Touray from keeping a record of the date, location, and time of the hearing. *See, e.g.*, *Lo v. Ashcroft*, 341 F.3d 934, 939 (9th Cir. 2003) (finding an exceptional circumstance arising from misrepresentation of hearing date to petitioner); *Lopez v. I.N.S.*, 184 F.3d 1097, 1098 (9th Cir. 1999) (finding exceptional circumstance arising from affirmative instruction not to attend hearing). Accordingly, any ineffective assistance suffered by Touray did not excuse his individual obligation to attend his hearing.

2. The BIA did not err in denying Touray's motion to reconsider. Touray's contention that the Immigration Court lacked jurisdiction to issue a removal order in absentia is foreclosed by the Supreme Court's decision in *Campos-Chaves v. Garland*, 144 S. Ct. 1637 (2024). A noncitizen can be ordered removed in absentia from a hearing even if his first NTA was deficient, if the NTA for the hearing in which he was removed was sufficient. *Id.* at 1651. Touray received the notice for

4

the hearing in which he was ordered removed, and that notice had all required information.

The petition for review is **DENIED**.