**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FRANCISCO J. MACEDO-CASTELLON, AKA Francesco Macedo,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-73816<br><br>Agency No. A075-769-946<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2013[**]
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and CARR, Senior District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable James G. Carr, Senior District Judge for the U.S.
District Court for the Northern District of Ohio, sitting by designation.

Petitioner, Francisco J. Macedo-Castellon, petitions for review of a Board of Immigration Appeals (BIA) order denying his motion to reopen as untimely. The BIA also concluded that the new evidence Macedo-Castellon submitted did not warrant reopening in any event. For the following reasons, we dismiss the petition.

Macedo-Castellon first argues that he should be entitled to equitable tolling because his attorney committed fraud when she promised to file his motion to reopen in a timely manner and failed to do so. However, he did not provide proper evidence of the purported misconduct to the BIA, nor has he done so here. *See Lopez v. I.N.S.*, 184 F.3d 1097, 1100 (9th Cir. 1999). Thus, the BIA did not err in denying Macedo-Castellon's motion as untimely.

Even if Macedo-Castellon's motion to reopen were timely, we would lack jurisdiction to review the BIA's denial because it "pertain[ed] only to the merits basis for a previously-made discretionary determination." *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). Here, the BIA previously denied Macedo-Castellon's application for cancellation of removal based on the discretionary determination that he failed to establish "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1). Macedo-Castellon filed a motion to reopen based on the same type of evidence on which he previously relied to support his cancellation of removal claim, and the BIA concluded that the

2

evidence was insufficient to warrant reopening his case. Under *Fernandez*, we would lack jurisdiction to review this determination because Macedo-Castellon's petition presents "essentially the same discretionary issue originally decided." *Fernandez*, 439 F.3d at 600.

In any event, the BIA's denial of Macedo-Castellon's motion to reopen did not result in a violation of due process. A due process violation may result from the BIA's failure to review appropriately all of the evidence provided to it. However, it is "presumed" that the BIA "review[ed] all the evidence presented unless [it] explicitly expresses otherwise." *Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095 (9th Cir. 2000) (internal quotation marks omitted). Moreover, because Macedo-Castellon's wife is neither a U.S. citizen nor a lawful permanent resident, the Board was not obliged to give weight to the evidence regarding her medical condition. Macedo-Castellon has therefore failed to provide information sufficient to demonstrate a due process violation.

**PETITION FOR REVIEW DISMISSED.**