**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NELSON GEOVANNY HERNANDEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-7303

Agency No.
A088-734-115

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2025[**]
Seattle, Washington

Before: GOULD and DE ALBA, Circuit Judges, and PITMAN, District Judge[***].

Petitioner Nelson Geovanny Hernandez ("Hernandez") petitions our Court to

vacate the Board of Immigration Appeals' ("BIA") decision affirming the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert Lee Pitman, United States District Judge for the Western District of Texas, sitting by designation.

immigration judge's ("IJ") order denying his application for deferral of removal under the Convention Against Torture ("CAT"). Petitioner raises three categories of challenges on appeal. First, he contends that substantial evidence does not support the agency's denial of CAT protection. Second, he contends that the agency's treatment of expert witness testimony violated his right to due process. Third, he contends the agency made other reversible errors, namely that (1) the agency failed to consider all probative evidence, (2) the agency concluded Hernandez faced no particularized risk of torture by Salvadoran officials, and (3) the agency concluded Hernandez was unlikely to be tortured by rival gangs in prison. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for the reasons below.

Substantial evidence supports the agency's denial of CAT protection. A petitioner establishes eligibility for deferral of removal under CAT first by demonstrating they are more likely than not to be tortured if removed. *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (*en banc*). Petitioner must show a "particular threat of torture" that goes "beyond that which all citizens are at risk." *Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008). Finally, the petitioner must establish that government officials participate or acquiesce in the torture, *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1027 (9th Cir. 2023), and those officials have sufficient specific intent to torture. *Acevedo Granados v. Garland*, 992 F.3d 755, 765 (9th Cir. 2021).

The record evidence fails to compel the conclusion that Hernandez is likelier than not to be tortured if returned to El Salvador.[1] The Salvadoran government's efforts to conceal prison conditions suggest deplorable, potentially torturous conditions are more common than reported. But given evidence in the record, the IJ and BIA reasonably concluded there is not a greater than fifty percent chance of Hernandez being tortured by prison officials upon his return. *See Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013) (requiring more "hard evidence" to establish probability of torture). The IJ and BIA also reasonably concluded, despite the Salvadoran government's efforts to conceal prison conditions, that the government lacks specific intent to torture. *See id.* (finding government's lack of transparency alone fails to establish specific intent in CAT cases). Finally, the IJ and BIA reasonably concluded Hernandez is unlikely to be tortured by rival gang members in prison. Hernandez's chance of being tortured by rival gang members is far too speculative, supported by anecdotes rather than probabilistic evidence. *See Benedicto v. Garland*, 12 F.4th 1049, 1065 (9th Cir. 2021) (stating "[a]necdotes . . . can't substitute for quantitative evidence").

The agency did not violate Hernandez's due process rights. There is no indication the agency disregarded any evidence and absent indication in the BIA's

---

[1] There is also insufficient evidence Hernandez is likelier than not in the aggregate to be tortured by Salvadoran officials or rival gang members in prison.

decision, a general statement that "the agency considered all the evidence before it may be sufficient." *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011). The agency also may reject credible testimony if it is contradicted or "outweighed by other more persuasive evidence." *Garland v. Ming Dai*, 593 U.S. 357, 373 (2021). The agency adopted facts consistent with portions of each of Hernandez's three experts' explanations about the "state of exception" and Hernandez's likelihood of detention upon re-entry, showing it gave "reasoned consideration" to these experts' opinions. *See Cole*, 659 F.3d at 772. There is also insufficient evidence that Dr. Godoy's testimony regarding "crucial information" received from her contacts in El Salvador would go beyond "anecdotal" evidence and affect the outcome of the proceeding. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006). The agency referred to each of Hernandez's three experts' declarations, ultimately departing from their conclusions based on other evidence in the record, as permitted. *See Ming Dai*, 593 U.S. at 373 (allowing agency to reject credible testimony if "outweighed by other more persuasive evidence"). The immigration proceeding was not "so fundamentally unfair that [Hernandez] was prevented from reasonably presenting his case." *See Ibarra-Flores*, 439 F.3d at 620–21.

The IJ and BIA considered all probative evidence. We presume the BIA "reviewed all the evidence presented unless it explicitly expresses otherwise." *Macedo-Castellon v. INS*, 514 F. App'x 704, 705 (9th Cir. 2013) (quoting *Larita-*

*Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000)). While the IJ and BIA acknowledged some abuses are occurring in Salvadoran prisons, it ultimately determined the record evidence demonstrated only "entirely random or sporadic" instances of torture and failed to demonstrate Hernandez was "more likely than others to be singled out" for torture. The IJ and BIA considered evidence of El Salvador's active concealment of abuses and supposed intent to inflict torture on suspected gang members in prison and concluded that Hernandez had not satisfied the "more likely than not" standard. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022). The record evidence does not compel the opposite conclusion.

The agency did not commit reversible error by concluding that Hernandez does not face a particularized risk of torture by Salvadoran officials or rival gang members in prison. Generalized prison conditions, even when considered with Hernandez's gang affiliation and tattoos, fail to compel the conclusion that he is likelier than not to be tortured by prison officials. *See id.* And in the IJ and BIA's view, strict prison conditions imposed during the "state of exception" made it far less likely rival gang members would be permitted to torture Hernandez in prison. Each determination was "one of potentially many reasonable possibilities," meaning there was no reversible error. *See Ming Dai*, 593 U.S. at 368.

**PETITION DENIED.**[2]

---

[2] Petitioner's pending Motion to Stay Removal (Dkt. No. 3) is accordingly also **DENIED**.